UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
EFFIE FILM, LLC,

                        Plaintiff,                  11 Civ. 783 (TPG)

      – against –                  **OPINION**

GREGORY MURPHY,

                        Defendant.
------------------------------------------------x

      Plaintiff Effie Film, LLC ("EFL") brings this declaratory judgment action for copyright non-infringement, seeking a declaration that Effie, a film EFL has produced based on a screenplay written by Emma Thompson, does not violate copyrights registered by defendant Gregory Murphy for a playscript and screenplay that Gregory Murphy wrote, entitled The Countess. Murphy moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim. Before the court ruled on Murphy's motion, EFL filed a motion for leave to amend its complaint based on recent factual developments in its production of Effie.

      The court grants EFL's motion to amend its complaint and denies Murphy's motion to dismiss.

## BACKGROUND

      EFL is a company formed for the production and distribution of a film called Effie, based on a screenplay written by Emma Thompson,

which tells the story of the love triangle of John Ruskin, Euphemia (Effie) Gray, and John Everett Millais.  Gregory Murphy, the defendant in this declaratory judgment action, is the author of two playscripts and a screenplay, all of which are entitled <u>The Countess</u>.

As described above, EFL commenced this action seeking a declaration that <u>Effie</u> did not violate various copyrights registered by Murphy in a playscript and screenplay he wrote, entitled <u>The Countess</u>. At the time that EFL commenced this action, it had not yet produced the film and had not definitively secured financing to produce the film.  It had a fully written "shooting script," written by Emma Thompson, which EFL represented would not be materially changed prior to filming.  EFL had also obtained a producer (Donald Rosenfeld), commitments from key talent (including Academy Award Winner Kathy Bates, Orlando Bloom, and Sir Derek Jacobi), a commitment from a director and production personnel, and had secured a portion of the necessary financing.  EFL had also put together a production budget and scouted various shooting locations.  Murphy had never commented on the <u>Effie</u> "shooting script" or argued that it infringed his copyright, but had argued that a prior version infringed his copyrights.

Shortly after the case was filed, Murphy moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim.  Murphy argued that because the film had not yet been produced, and might never be produced, the case lacked sufficient immediacy and reality to

constitute a justiciable case or controversy.  See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007).  Thus the bulk of the briefing on Murphy's motion to dismiss centered on whether EFL had undertaken enough steps in preparation to produce its Effie film to create a controversy of sufficient immediacy and reality that could invoke the subject-matter jurisdiction of this court.  Murphy also argued that because he had not alleged that the current version of the script infringed his copyrights, but only a prior version, there could be no actual controversy with respect to the current version of the script.

However, events did not stand still during the pendency of Murphy's motion to dismiss.  After the motion was filed, EFL apparently managed to secure financing sufficient to meet its needs.  Some actors changed – Kathy Bates and Orlando Bloom were replaced with Dakota Fanning and Tom Sturridge.  Thompson made some edits to the screenplay, which EFL claims were minor.  EFL registered a new version of the Effie screenplay with the Copyright Office and filmed Effie.  Although Murphy claims never to have seen the new script and likely has not seen a completed version of the film (which has not yet been released), he has made a number of public statements during this litigation in which he asserts that the Effie film infringes his copyrights.

EFL subsequently moved to amend its complaint to incorporate these new facts.  The proposed amended complaint, like the original complaint, seeks a declaratory judgment that Effie does not infringe

copyrights held by Murphy in The Countess. However, the proposed amended complaint differs from the original complaint in that it now alleges that Effie has been completely filmed and recites Murphy's various recent assertions of copyright infringement.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), a court may grant leave to amend a complaint where justice so requires. The court should grant leave to amend the complaint unless the defendant demonstrates that it will suffer prejudice or that the amendment is sought in bad faith. City of New York v. Group Health, Inc., 649 F.3d 151, 157 (2d Cir. 2011). One proper purpose for a supplemental or amended pleading is to cure a potential jurisdictional defect. See Dan-Dee Imports, Inc. v. Well-Made Toy Mfg. Corp., 524 F. Supp. 615, 619 (E.D.N.Y. 1981). If such an amendment is allowed, the court's subject-matter jurisdiction is determined by reference to the amended complaint, not the original complaint. Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007).

Murphy argues that EFL's proposed amendment should be denied, but Murphy has not made the required showing of prejudice or bad faith. See Group Health, Inc., 649 F.3d at 157. There is no indication that EFL acted in bad faith in pursuing this amendment. Rather, EFL reasonably seeks to update its complaint to reflect recent significant factual developments in an effort to cure what Murphy claims are jurisdictional

defects.  The court also is not persuaded that Murphy would be prejudiced by allowing EFL to amend its complaint.  There has been no discovery in this case and Murphy may, of course, file any appropriate motions attacking the jurisdictional basis or merits of EFL's amended complaint.  However, it is appropriate to allow EFL to amend its complaint now because no matter how the court rules on Murphy's pending motion to dismiss, EFL would eventually be given leave to supplement its complaint and allege these new facts under the liberal standard afforded by Rule 15(a)(2).  Even if the court were inclined to grant Murphy's motion to dismiss, EFL would still be given leave to amend its complaint to cure any jurisdictional deficiency.

Murphy's primary argument against the amendment is that the court's jurisdiction must be determined as of the time the original complaint is filed.  See, e.g., Newman-Green v. Alfonzolarrain, 490 U.S. 826, 830 (1989).  Although that is ordinarily true, this rule does not apply when there has been an amended complaint.  See Rockwell, 549 U.S. at 473-74 ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

Plaintiff's motion to amend is granted.  In light of EFL's proposed amended complaint, which will supersede the original complaint, Murphy's motion to dismiss the original complaint is denied as moot.

See Yu v. Town of Southold, No. 10 Civ. 2943 (JS)(ETB), 2011 U.S. Dist. LEXIS 13693, at *1-2 (E.D.N.Y. Feb. 11, 2011).

## Conclusion

For the foregoing reasons, Murphy's motion to dismiss is denied. EFL must file its amended complaint within seven days of the date of this opinion. EFL's motion for leave to amend is granted.

Dated: New York, New York
       March 6, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/12