UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EFFIE FILM, LLC,

                Plaintiff,

        v.

GREGORY MURPHY,

                Defendant.

11-cv-783

**OPINION**

    In this action for a declaratory judgment, the court found that Effie Film, LLC's screenplay and movie *Effie* did not infringe Gregory Murphy's copyright in *The Countess*. Effie Film now moves for attorneys' fees and an extension of time to file the fee application. Effie Film also moves for fees on appeal. These motions are granted.

    Additionally, Attorney Andrew L. Deutsch moves to withdraw as attorney of record. That motion is granted.

**Background**

    Plaintiff Effie Film is a company formed to produce a film based on a screenplay, *Effie*, centered on the marriage of Effie Gray and John Ruskin, a highly influential Victorian-era art critic. Defendant Murphy is the author of a play and screenplay, both entitled *The Countess*, based on the same historical events.

    After Murphy publicly accused the author of the Effie screenplay, Emma Thompson, of infringing his copyright in *The Countess*, Effie Film commenced this action on February 4, 2011, seeking a declaration that *Effie* does not infringe Murphy's copyright in *The Countess*. On March 6, 2012, the court denied Murphy's motion to dismiss and allowed Effie Film to amend its

complaint. On March 22, 2013, the court granted Effie Film's motion for judgment on the pleadings, finding that the film does not infringe Murphy's copyright. Effie Film, LLC v. Murphy, 932 F. Supp. 2d 538, 541 (S.D.N.Y. 2013). The clerk of the court entered the judgment on March 25, 2013. The Second Circuit subsequently affirmed the court's decision. Effie Film, LLC v. Murphy, No. 13-1592-CV, 2014 WL 1797466 (2d Cir. May 7, 2014). Despite Murphy's argument that the district court erred by ignoring "bedrock principles" and applying the wrong standard of law, the Second Circuit found that all of Murphy's arguments were "without merit." Id. at *3.

On April 9, 2013, Effie Film filed a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d) and under the Copyright Act, 17 U.S.C. § 505. But the motion for fees was late. Under Rule 54(d), the application should have been filed by April 8, 2013—fourteen days after the entry of judgment. Effie Film's lawyer had miscalculated the deadline for filing the motion. On April 12, 2013, Effie Film filed a motion for an extension of time under Rule 6(b), hoping to make its motion for fees timely.

## Discussion

Extension of Time

Effie Film moves for an extension of time. See Fed. R. Civ. P. 6(b)(1)(B). The court, of course, grants the motion to cover the very slight delay.

Motion for Fees

The Copyright Act provides that the court, in its discretion, may award costs and reasonable attorneys' fees to the prevailing party in an infringement action. 17 U.S.C. § 505. In exercising

its discretion, the court considers "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." Bryant v. Media Right Prod's, Inc., 603 F.3d 135, 144 (2d Cir. 2010). In that calculus, the court gives substantial weight to the third factor, whether the claims or defenses were objectively unreasonable. Id. Indeed, objective unreasonableness alone "is sufficient to subject a party to an award of attorneys' fees under § 505." Crown Awards, Inc. v. Disc. Trophy & Co., 564 F. Supp. 2d 290, 294 (S.D.N.Y. 2008).

That standard is easily satisfied here. "A copyright infringement claim is objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of a legal or factual basis." Porto v. Guirgis, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009). Here, the Second Circuit held that "all of Murphy's arguments" were "without merit." Effie Film, 2014 WL 1797466, at *3. A summary affirmance by the Second Circuit is confirmation that Murphy's infringement claim was objectively unreasonable. See, e.g., Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc., 2009 WL 4276966, at *7 (S.D.N.Y. Nov. 30, 2009). Furthermore, an award of costs and attorneys' fees here is consistent with the goals of the Copyright Act because it will help deter future objectively unreasonable lawsuits. See Porto, 659 F. Supp. 2d at 618. For these reasons, the court will award Effie Film fees and costs.

Reasonableness of Fees and Costs

Effie Film requests $499,068.70 in fees and costs for litigation in this court and before the Second Circuit. The court relies on its on familiarity with the litigation and the parties' submissions to determine whether such an award is justified in this case. Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992). Although the court is hesitant to award plaintiff Effie Film fees

3

when it commenced the action and thus caused the accrual of fees, the circumstances here justify a fee award. Murphy repeatedly asserted his belief that *Effie* infringed his copyright in *The Countess*, including through letters from his attorneys. These assertions threatened to obstruct the production, distribution, and marketing of *Effie*. At one point, Murphy even threatened to seek an injunction to stop distribution of *Effie*. Thus, Effie Film surely needed to resort to the court to resolve this dispute.

Additionally, the court considers the request of $499,068.70 in fees and costs to be reasonable given the course of the litigation and the experienced counsel involved. In this litigation, Effie Film engaged in significant motion practice, including opposing Murphy's motion to dismiss. Also, Effie Film successfully argued for judgment on the pleadings in this court. After Murphy appealed the district court's ruling to the Second Circuit, Effie Film won a complete victory on appeal.

Effie Film's counsel charged rates that are commensurate with their experience and within the range of reasonable rates charged by their peers, as shown by the motion papers and affidavits. Murphy's main objection to the fee request is that the bills are full of charges for duplicative work. But Murphy points to no examples of unreasonably duplicative work; he merely points out that the lawyers spent several hours collaborating on tasks. The court finds this teamwork to be reasonable. Additionally, Murphy contends that counsel on appeal spent too much time reviewing the district court record; the court disagrees. This case was complex and the record includes a play, two screenplays, and a film, in addition to all the materials presented to the district court. Counsel on appeal would need time to review and analyze these materials, and the record reveals that each appellate attorney spent only a few hours on this task.

Accordingly, the court awards Effie Film $499,068.70 in fees and costs.

Motion to Withdraw

Attorney Andrew L. Deutsch moves to withdraw as attorney of record. Because the case is closed and no party will be prejudiced, that motion is granted.

## Conclusion

Effie Film's motion for extension of time and motions for fees and costs are granted. Andrew Deutsch's motion to withdraw is granted.

This opinion resolves the motions listed as document numbers 44, 47, 62, and 65.

So ordered.

Dated:   New York, New York
         August 13, 2014

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/14

5