UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

EFFIE FILM, LLC,

                Plaintiff,
                                11 Civ. 783

        - against -
                                  **OPINION**

GREGORY MURPHY,

                Defendant.

------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2015
```

      Before the court is a motion by plaintiff Effie Film, LLC, to direct an appeal bond.  Defendant Gregory Murphy responds *pro se*, in opposition.

### Parties and Procedural History

      Plaintiff Effie Film is a company formed to produce a film based on a screenplay about the marriage of Effie Gray to John Ruskin, an important Victorian-era art critic.  Defendant Murphy is the author of a play and screenplay, both entitled *The Countess*, based on the same historical events.

      Effie Film commenced this action on February 4, 2011, after Murphy publicly accused the author of Effie Film's screenplay, Emma Thompson, of infringing his copyright.  Effie Film sought a declaration that its screenplay did not infringe Murphy's copyright in *The Countess*.

On March 22, 2013, the court granted Effie Film's motion for judgment on the pleadings, finding that the film did not infringe Murphy's copyright. Effie Film, LLC v. Murphy, 932 F. Supp. 2d 538, 541 (S.D.N.Y. 2013). The Second Circuit subsequently affirmed that decision, finding that Murphy's arguments were "without merit." Effie Film, LLC v. Murphy, 564 F. App'x 631, 633 (2d Cir. 2014).

On April 9, 2013, Effie Film moved this court for attorneys' fees and costs under Federal Rule of Civil Procedure 54(d) and the Copyright Act, 17 U.S.C. § 505. On August 13, 2014, the court granted that motion, awarding attorneys' fees and costs to Effie Film in the amount of $499,068.70. Effie Film, LLC v. Murphy, No. 11-CV-783, 2014 WL 3963204 (S.D.N.Y. Aug. 14, 2014). The court found that defendant's claims were objectively unreasonable, and that an award of attorneys' fees and costs was warranted under 17 U.S.C. § 505. Id. at *2. The court also found that defendant's accusations of copyright infringement, including through letters from his attorneys, threatened to obstruct the production and marketing of Effie Film's movie to the extent that "Effie Film surely needed to resort to the court to resolve this dispute." Id.

On September 8, 2014, defendant—now acting *pro se*—filed a notice of appeal from the court's August 13, 2014 ruling. Dkt. 72. Then, on October 31, 2014, plaintiff filed the present motion, requesting the court to direct the posting of an appeal bond. Dkt. 74. Defendant, still acting *pro se*, responded on November 20, 2014, and plaintiff replied on

December 1, 2014. Dkt. 80-81. Defendant submitted additional, belated opposition papers on December 15, 2014. Finding the error harmless and recalling that defendant is representing himself, the court considers those papers as if they were timely filed.

### The Present Motion

Plaintiff moves the court to direct defendant to post an appeal bond in the amount of not less than $125,000 for plaintiff's fees and costs on appeal. Plaintiff contends that the appeal, like the claim of infringement, lacks merit and will likely only escalate the unpaid judgment in plaintiff's favor. The motion comes under Rule 7 of the Federal Rules of Appellate Procedure, which is designed "to protect the appellee from the risk of nonpayment by the appellant, if the appellee wins the appeal." Berry v. Deutsche Bank Trust Co. Americas, 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009).

Defendant contends that requiring an appeal bond would practically deny him the ability to appeal. He affirms that he has contacted two bonding firms, and both have refused to work with him. He affirms further that he lacks sufficient assets to use as collateral for an appeal bond.

### Discussion

Rule 7 of the Federal Rules of Appellate Procedure provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure

payment of costs on appeal." The purpose of the rule is to protect the appellee from risk of nonpayment by the appellant, should the appellee prevail. Adsani v. Miller, 139 F.3d 67, 70 (2d Cir. 1998). The power to require such a bond has been given, unambiguously, to the district court's discretion. See id. at 79. In determining whether to require an appeal bond in copyright cases, previous courts have examined: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." Baker v. Urban Outfitters, Inc., No. 01-CV-5440, 2006 WL 3635392 at *2 (S.D.N.Y. Dec. 12, 2006); see also Berry, 632 F. Supp. 2d at 307 (quoting Baker).

It is understandable that defendant would wish to appeal from an award of attorneys' fees and costs in the large amount of $499,068.70. The court does not believe that an appeal bond should be required of $125,000 or more, as is requested by plaintiff.

After considering all the circumstances, the court believes that it is appropriate to require defendant to post an appeal bond in the amount of $10,000. This should be done by February 1, 2015. This resolves the motion listed as number 74 in this case, 11 CV 783.

Dated: New York, New York
      January 13, 2015

SO ORDERED

Thomas P. Griesa
U.S.D.J.